UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------------X
SANDRA JOHNSON, Individually and
on Behalf of All Other Persons Similarly Situated,

                Plaintiff,

-against-

CVS CAREMARK CORPORATION,

                Defendant.
---------------------------------------------------------------X

CIVIL ACTION NO. CA10-475

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

## INTRODUCTION

This suit is brought on behalf of all assistant store managers employed by Defendant CVS CAREMARK CORPORATION in the state of New Hampshire. Defendant misclassified Plaintiff and other similarly situated employees as exempt under the laws the wage and hour laws of New Hampshire and failed to pay them for all hours worked and overtime compensation for hours worked over 40 in a workweek.

## NATURE OF THE ACTION

1. Plaintiff complains pursuant to Fed.R.Civ.P. 23, on behalf of herself and a class of other similarly situated current and former assistant store managers employed by Defendant within the State of New Hampshire that they are entitled to back wages from Defendant for work they performed, as well as overtime work for which they did not receive overtime premium pay as required under N.H. RSA 275 and 279.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act. This is a putative class action whereby: (i) the proposed Rule 23 class consists of over 100 or more members; (ii) at least some, and most likely almost all of the members of the proposed class, including Plaintiff, have a different citizenship from Defendant; and, (iii) the claims of the proposed Rule 23 class exceed $5,000,000.00 in the aggregate.

3. Upon information and belief, most of the members of the proposed class are citizens of a state different from that of the Defendant.

4. Plaintiff's claims involve matters of national or interstate interest.

5. Defendant is subject to personal jurisdiction in this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff was, at all relevant times, an adult individual, residing in Hampton, New Hampshire.

9. Starting in or about February 2007 though May 2010, Plaintiff was employed by Defendant as an assistant store manager in Defendant's Hampton, New Hampshire store.

10. Defendant CVS Caremark Corporation is a Delaware corporation, with its principal place of business at One CVS Drive, Woonsocket, Rhode Island. Directly or through wholly-owned subsidiaries that act under the direction and control of the named Defendant as

2

to the matters relevant to the present proceeding, Defendant is, as it stated in its most recently filed Securities & Exchange Commission 10-K filing:

> the largest provider of prescriptions and related healthcare services in the United States. We fill or manage more than one billion prescriptions annually. As a fully integrated pharmacy services company, we drive value for our customers by effectively managing pharmaceutical costs and improving healthcare outcomes through our approximately 6,200 CVS/pharmacy ® retail stores;

The retail stores, such as the ones at which Plaintiff worked, are part of Defendant's Retail Pharmacy Sector, described in Defendant's SEC filing as follows:

> As of December 29, 2007, the Retail Pharmacy Segment included 6,245 retail drugstores, of which 6,164 operated a pharmacy, our online retail website, CVS.com ® and our retail healthcare clinics. The retail drugstores are located in 40 states and the District of Columbia operating under the CVS ® or CVS/pharmacy ® names. We currently operate in 77 of the top 100 U.S. drugstore markets and hold the number one or number two market share in 58 of these markets. Overall, we hold the number one or number two market share position in 75% of the markets in which our retail drugstores operate.

## CLASS ALLEGATIONS

11. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

12. Plaintiff brings her New Hampshire claims on behalf of all persons who were employed by Defendant in New Hampshire, anytime since November 23, 2007 to the entry of judgment in this case (the "Class Period"), as assistant store managers at Defendant's retail stores in New Hampshire, and who have not been paid all wages owed by them, including but not limited to overtime premiums, in violation of the N.H. RSA 275:43 and 44 (the "Class").

13. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on

3

which the calculation of that number are presently within the sole control of the Defendant, there are at least 100 members of Class during the Class Period.

14. The claims of Plaintiff are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

15. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

16. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

17. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

18. There are questions of law and fact common to the Class that predominate over any questions solely affecting the individual members of the Class. These include but are not limited to:

    a. whether the Defendant employed the members of the Class within the meaning of the New Hampshire wage and hour laws;

    b. whether Defendant failed and/or refused to pay the members of the Class for all work performed by them,

    c. whether Defendant failed and/or refused to pay the members of the Class overtime premium compensation for work performed in excess of 40 hours per workweek as required under N.H. RSA 275:43 and 44;

    d. whether Defendant has a policy of misclassifying its assistant store managers as exempt from overtime payments;

    e. whether Defendant failed to keep true and accurate time records for all its assistant store managers who worked in New Hampshire;

    f. what proof of hours worked is sufficient where an employer fails to maintain time records;

    g. the nature and extent of the Class-wide injury and the appropriate measure of damages for the Class; and

    h. whether Defendant should be enjoined from violations of the applicable New Hampshire wage and hour laws.

## STATEMENT OF FACTS

19. At all times relevant to this action, Defendant was an employer of the Plaintiff within the meaning of N.H. RSA 275:43 and 44. Defendant maintained authority, control and supervision over Plaintiff and established the employment policies that were applied to Plaintiff.

20. Plaintiff's work as an assistant store manager was performed in the normal course of the Defendant's business and was integrated into the business of the Defendant.

21. Defendant benefited financially from the work performed by Plaintiff.

22. As employer, Defendant is responsible for compliance with all applicable provisions of New Hampshire wage and hour laws.

23. Plaintiff often worked more than 40 hours a week, yet Defendant willfully failed to pay her proper compensation for all of the hours she worked, and failed to pay her overtime compensation of one and one-half times his regular hourly rate.

24. Throughout the Class Period, Defendant likewise employed other, similarly situated assistant store managers in New Hampshire. Such individuals also worked more than 40 hours a week yet Defendant willfully failed to pay them compensation for all of the hours they worked, as well as overtime compensation of one and one-half times their regular hourly rate.

25. The exact number of such individuals is presently unknown, but within the sole knowledge of Defendant and can be ascertained through appropriate discovery.

26. During the course of Plaintiff's employment, and while it employed the Class Members, Defendant failed to maintain accurate and sufficient time records.

## CLAIM FOR RELIEF: DENIAL OF OVERTIME PAY

27. Plaintiff, on behalf of herself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 26 as if they were set forth again herein.

28. At all relevant times, Plaintiff and the members of the Class were employed by Defendant.

29. Pursuant to N.H. RSA 275:43, I, Defendant was required to pay Plaintiff and the members of the Class overtime compensation at a rate of one and one-half times their regular rate of pay, for all hours worked in excess of forty (40) per week, "within 8 days ... after the expiration of the week in which the work is performed..."

30. As alleged herein, Defendant improperly classified Plaintiff and the members of the Class, as exempt employees, not entitled to overtime compensation.

31. Plaintiff and the members of the Class regularly worked in excess of 40 hours per week without receiving compensation for those hours, in violation of the N.H. RSA

275:43, I.

32. Defendant's failure to comply with New Hampshire wage and hour laws was reckless and/or willful.

33. Pursuant to N.H. RSA 275:44, IV and 275:53, III, Plaintiff and the members of the Class are entitled to liquidated damages, together with reasonable attorneys' fees and costs, in amounts to be proven at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of herself and all members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and/or (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. A declaratory judgment that the practices complained of herein are unlawful under the applicable wage and hour laws of New Hampshire;

c. An injunction compelling Defendant hereafter to comply with the provisions of the applicable wage and hour laws of New Hampshire;

d. An award of unpaid wages as well as overtime compensation due under the N.H. RSA 275:43;

e. An award of liquidated damages as allowed under the N.H. RSA 275:44, IV;

f. An award of prejudgment and post judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees pursuant to N.H.RSA 275:53, III; and

h. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: November 23, 2010

_____
Peter N. Wasylyk (RI Bar # 3351)
LAW OFFICES OF PETER N. WASYLYK
1304 Chalkstone Avenue
Providence, RI 02098
Tel: (401) 831-7730
Fax: (401) 801-6064

Jeffrey A. Klafter *
Seth R. Lesser*
Fran L. Rudich*
KLAFTER & OLSEN LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Tel: (914) 934-9200
Fax: (914) 934-9220

Marilyn T. McGoldrick*
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, MA 02110
Tel: (617) 720-1333
Fax: (617) 720-2440

Lance A. Raphael*
Stacy Bardo*
THE CONSUMER ADVOCACY CENTER, P.C.
180 West Washington Street
Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930

Steven L. Wittels*
Deepika Bains*
SANFORD WITTELS & HEISLER LLP
1350 Avenue of the Americas, 31st Floor
New York, NY 10019
Tel: 646-723-2947
Fax: 646-723-2948

**ATTORNEYS FOR PLAINTIFF**

* to be admitted *pro hac vice*